**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| E&CO. AG, a foreign corporation, | Civil Action No._____ |
| Plaintiff, | **COMPLAINT FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND PERSONAL GUARANTY** |
| v. | |
| ZYNC INC., a Delaware corporation, | |
| and | |
| Rana June Sobhany, an individual, | |
| Defendants. | |

**COMPLAINT**

Plaintiff e&Co. AG ("e&Co." or "Plaintiff"), for its Complaint against Defendants Zync Inc. ("Zync") and Rana June Sobhany ("Sobhany" or "Guarantor") alleges as follows:

**NATURE OF CASE**

1.      e&Co. brings this Complaint against Zync to recover damages it incurred as a result of Zync's failure to fulfill its obligations under a December 13, 2022 settlement agreement (the "Settlement Agreement").

2.      e&Co. brings this Complaint against Rana June Sobhany as personal guarantor of the indebtedness of Zync under the Settlement Agreement.

**JURISDICTION**

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and this is an action between citizens of different States.

4.      This Court has personal jurisdiction over Zync because Zync is a Delaware

1

corporation and has agreed to submit itself to the personal jurisdiction of this Court pursuant to Section 12 of the Settlement Agreement..

5. This Court has personal jurisdiction over Sobhany because Sobhany has agreed to submit to the personal jurisdiction of this Court pursuant to Section 12 of the Settlement Agreement.

## VENUE AND INTRADISTRICT ASSSIGNMENT

6. Venue is proper in this District because Defendants has agreed to litigate this dispute in this District pursuant to Section 12 of the Settlement Agreement.

7. Venue is also proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this State.

## PARTIES

8. Plaintiff, e&Co. AG, is a foreign stock corporation formed under the laws of Germany, with its principal place of business at Hubertusstr. 50, 54439 Saarburg, Germany.

9. Defendant Zync Inc. is a Delaware corporation, with its principal place of business at 595 Pacific Avenue, 4th Floor, San Francisco, CA 94133.

10. Defendant Rana June Sobhany is an individual who, upon information and belief, is a resident of Florida, who has agreed to the adjudication of this matter pursuant to Section 12 of the Settlement Agreement.

## GENERAL ALLEGATIONS

### I. THE AUGUST 7, 2021 PROMISSORY NOTE

11. On or about August 7, 2021, Defendant Zync signed and delivered a Note Purchase Agreement (the "Note Purchase Agreement") and the Note, promising to pay the Plaintiff on demand on or after February 7, 2022, the sum of €350,000.00 in principal, which Plaintiff had loaned to Zync, together with interest at a rate equal to 8% per annum, computed on the basis of a 360-day year of twelve months.

12. On or about February 8, Plaintiff made demand to Zync for repayment of the principal and interest due under the Note.

13. Despite demand, Defendant Zync failed to repay the principal or interest due under the Note.

14. On or about April 21, 2022, Zync and Plaintiff agreed to amend the Note to increase the rate of interest from 8% per annum to 15% per annum, and to set a final date of repayment under the Note of August 7, 2022.

15. On or about July 29, 2022, Plaintiff reminded Zync of its payment obligations under the Note.

16. Despite demand and reminder, Zync failed to repay the principal or interest due under the Note by August 7, 2022.

17. Pursuant to Section 6 of the Note, Zync is obligated to pay all reasonable costs of collection of the unpaid principal or interest due under the Note.

18. Plaintiff filed a Complaint for Repayment of Secured Promissory Note and Enforcement of Personal Guaranty against the Company and Sobhany in the United States District Court for the Northern District of California on September 8, 2022, Case No. 3:22-cv-05098-SK (the "Complaint").

## II. THE PERSONAL GUARANTY OF RANA JUNE SOBHANY

19. On or about August 7, 2021, Defendant Sobhany executed the Guaranty in favor of Plaintiff, in which she personally "agreed to guarantee the indebtedness and other obligations of [Zync] to [Plaintiff] under the Note Purchase Agreement."

20. Particularly, in Section 1 of the Guaranty, Sobhany personally guaranteed "full and prompt payment when due (whether at stated maturity, declaration, acceleration, demand or otherwise) of all indebtedness, liabilities and other obligations of [Zync] to [Plaintiff] under the Note Purchase Agreement and the [Note] issued by [Zync] to [Plaintiff] thereunder … .".

21. By letter dated August 23, 2022, Plaintiff sent demand to Sobhany for payment of the indebtedness of Zync to Plaintiff pursuant to Sobhany's obligations under the Guaranty.

22. Sobhany ignored Plaintiff's demands for payment under the Guaranty.

23.    In the Complaint, Plaintiff demanded payments due under the Guaranty from Sobhany.

## III.    THE SETTLEMENT AGREEMENT

24.    On or about December 13, 2022, the Parties executed a settlement agreement resolving the claims made in the Complaint (the "Settlement Agreement").

25.    The aggregate amount of principal and interest outstanding under the Promissory Note as of the date of the Settlement Agreement was €409,500, inclusive of all accrued interest as of the period ending December 8, 2022 (the "Principal Amount").

26.    In the Settlement Agreement, Zync agreed to reimburse €20,000 of the Lender's costs of collection associated with this Settlement Agreement and the Promissory Note. Such amount was added to the Principal Amount, such that the Principal Amount equaled €429,500 as of the date of the Settlement Agreement.

27.    Interest on the Principal Amount was fixed at 15% per annum and is computed in accordance with the payment schedule attached as Schedule A to the Settlement Agreement.

28.    Pursuant to the Settlement Agreement, Zync agreed to pay the Principal Amount, and all accrued interest, according to Schedule A to the Settlement Agreement (each payment date therein a "Monthly Payment Date" and each such payment a "Monthly Payment").

29.    Pursuant to Schedule A of the Settlement Agreement, payments were to be made within three Business Days of each Monthly Payment Date. In the event a Monthly Payment was not made within three Business Days of the corresponding Monthly Payment Date, a €10,000 penalty fee was assessed (a "Late Fee"). Late Fees accrue interest at a rate of 15% per annum. If a Monthly Payment Date fell on a day that is not a Business Day, such Monthly Payment Date would be deemed due the following Business Day. For purposes of this Settlement Agreement, the term "Business Day" was defined as any day other than a Saturday, Sunday, or a day on which financial institutions in San Francisco, California are authorized to close.

30.    Sobhany agreed to personally guarantee all obligations of Zync under the Settlement Agreement.

31.     On or about December 14, 2022, Zync timely paid to Plaintiff €75,000.00 of the amount due to Plaintiff under the Settlement Agreement.

32.     On or about January 1, 2023, Zync timely paid to Plaintiff €75,000.00 of the amount due to Plaintiff under the Settlement Agreement.

33.     On or about February 14, 2023, Zync timely paid to Plaintiff €35,000.00 of the amount due to Plaintiff under the Settlement Agreement.

34.     Defendant Zync failed to make the March 11, 2023 payment due under the Settlement Agreement (for €35,000.00).

35.     Despite demand, Defendant Zync has failed to make any payment due under the Settlement Agreement subsequent to the February 14, 2023 payment.

36.     Despite demand, Defendant Sobhany has failed to make any payment due under the Settlement Agreement subsequent to the February 14, 2023 payment.

## FIRST CAUSE OF ACTION

(Breach of Contract)

(Against Defendant Zync)

1.     Plaintiff incorporates herein by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

2.     Plaintiff and Zync entered into the Settlement Agreement to memorialize the rights and obligations of the parties concerning the unpaid amounts due under the Loan from Plaintiff to Defendant Zync.

3.     The Settlement Agreement is a valid and binding contract between Plaintiff and Defendant Zync.

4.     Plaintiff performed all of its obligations under the Settlement Agreement.

5.     Defendant Zync breached its obligations under the Settlement Agreement by failing to pay to Plaintiff the amounts due to Plaintiff by Defendant Zync under the Settlement Agreement.

6.     Through, and as a result of Defendant Zync's breach of its obligations under the Note, Plaintiff has incurred actual damages and injury in an amount to be proven at trial, but in no event less than €244,500.00, plus accruing contractual interest and fees.

## SECOND CAUSE OF ACTION

(Breach of Guaranty)

(Against Defendant Sobhany)

7.     Plaintiff incorporates herein by this reference each and every allegation contained in foregoing paragraphs, as though fully set forth herein.

8.     Plaintiff and Defendant Sobhany entered into the Settlement Agreement to memorialize the rights and obligations of the parties concerning Sobhany's guaranty of the repayment of indebtedness by Zync to Plaintiff under the Settlement Agreement.

9.     The Settlement Agreement is a valid and binding contract between Plaintiff and Defendant Sobhany.

10.    Plaintiff performed all of its obligations under the Settlement Agreement.

11.    Defendant Sobhany breached her obligations under the Settlement Agreement by failing to pay to Plaintiff the unsatisfied indebtedness and obligations of Zync to Plaintiff under the Settlement Agreement.

12.    Through, and as a result of Defendant Sobhany's breach of her obligations under the Settlement Agreement, Plaintiff has incurred actual damages and injury in an amount to be proven at trial, but in no event less than €244,500.00, plus accruing contractual interest and fees.

## **PRAYER FOR RELIEF**

Plaintiff, e&Co. AG, prays for judgment against Defendants as follows:

1.      For damages as sought in the First and Second Causes of Action in a sum to be determined at the time of trial but in no event less than €244,500.07,  plus contractual interest, plus the reasonable costs of collection; and,

2.      For such other and further relief as the Court may deem just and proper.

DATED:  May 30, 2023                                  **HUNTON ANDREWS KURTH LLP**


By:  _____

John D. Simmons
Delaware Bar No. 05996
Panitch Schwarze Belisario & Nadel LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
P: 302.394.6001
F: 215.965.1331
jsimmons@panitchlaw.com

Torsten M. Kracht
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave NW
Washington, DC 20037
P: 202.419.2149
tkracht@hunton.com
(pro hac vice application forthcoming)

*Attorneys for Plaintiff e&Co. AG*